IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:04-cr-00195-MEO-DCK-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| vs. | ) | <u>MEMORANDUM OF DECISION AND ORDER</u> |
| JONATHAN MILLER, Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Defendant's pro se Motion to Vacate Sentence under 28 U.S.C. § 2255. (Doc. No. 46).

## I. BACKGROUND

On July 28, 2004, Defendant Jonathan Miller was charged in a Bill of Indictment with two counts of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts One and Two). (Doc. No. 1: Bill of Indictment). Count One charged such possession on March 5, 2004. Count Two charged such possession on May 19, 2004. (*Id.* at 1). The underlying felonies charged in both Counts were October 15, 2002 North Carolina convictions for Sell Cocaine and Possession With Intent to Sell or Deliver Marijuana ("PWISD"). (*Id.*).

On March 23, 2005, Defendant pleaded guilty to Count Two pursuant to a written Plea Agreement in exchange for the Government's agreement to dismiss Count One. (Doc. No. 16: Entry and Acceptance of Guilty Plea; Doc. No. 15: Plea Agreement). At the Rule 11 colloquy, Defendant testified among other things that he

understood the charge to which he was pleading guilty and the potential penalties he faced, that he had spoken with his attorney regarding how the United States Sentencing Guidelines (U.S.S.G.) might apply to his case, that he had the right to plead not guilty and for a trial, that he was giving up those rights by pleading guilty, that he was in fact guilty of the crime charged in the Indictment, that he was satisfied with his attorney, and that he had heard and understood all parts of the proceeding and still wished to plead guilty. (Doc. No. 33 at 6-21: Plea Tr.). The Magistrate Judge accepted Defendant's plea, finding it knowingly and voluntarily made. (*Id.* at 22).

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). (Doc. No. 36: PSR). In the PSR, the probation officer set out Defendant's criminal history. (*Id.* at ¶¶ 25-60). This included, among other things, Defendant's October 15, 2002 state convictions for Sell Cocaine and PWISD. (*Id.* at ¶¶ 26-27). Defendant received suspended sentences of ten to twelve months' imprisonment and 36 months' probation on each of these convictions. (*Id.*). On May 24, 2004, Defendant's suspended sentence was activated on the Sell Cocaine conviction when his probation was revoked for various probation violations. (*Id.* at ¶ 26). He was then sentenced to a term of ten to twelve months' imprisonment. (*Id.*).

The probation officer recommended a base offense level of 24 under U.S.S.G. § 2K2.1.[1] (*Id.* at ¶ 15). Under the 2004 Guidelines, § 2K2.1 provided for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled

---

[1] The Court sentenced Defendant under the 2004 edition of the Guidelines Manual. (Doc. No. 37 at ¶ 14).

substance offense." U.S.S.G. § 2K2.1(a)(2). With a reduction of three levels for acceptance of responsibility, Defendant's Total Offense Level (TOL) was twenty-one. (Doc. No. 37 at ¶¶ 22-23).

Based on Defendant's criminal history, the probation officer initially scored Defendant with ten criminal history points, including two points for having committed the instant offense while on probation for the October 15, 2002 convictions. (*Id.* at ¶¶ 34-35). The probation officer supplemented the PSR before sentencing to include an additional recommended five total criminal history points for Defendant's intervening state convictions on three charges of Robbery with a Dangerous Weapon, which were perpetrated with the firearm that resulted in Count Two. (*Id.* at 23, ¶¶ 3-5). Specifically, the probation officer recommended three points for the first such conviction under U.S.S.G. § 4A1.1(a) and one point each for the other two convictions under § 4A1.1(f).[2]

The probation officer also supplemented the PSR to include three additional points for an unrelated intervening conviction on a state felon-in-possession of a firearm charge. (*Id.* at 24, ¶ 6). Accordingly, Defendant had a total of eighteen criminal history points for a Criminal History Category (CHC) of VI. (*Id.* at 24, ¶ 8).

---

[2] Under the 2004 Guidelines, three points were added for each prior sentence of imprisonment exceeding one year and one month, § 4A1.1(a), and one point was added for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) of this section "because such sentence was considered related to another sentence resulting from a conviction of a crime of violence," § 4A1.1(f).

With a TOL of twenty-one, the guidelines recommended a sentence of seventy-seven to ninety-six months. (*Id.*).

At sentencing, the Court found that the two points added in the Supplement pursuant to § 4A1.1(f) were not applicable. (Doc. No. 27 at 1: Statement of Reasons). The Court nonetheless concluded that the Criminal History Category remained unchanged. (*Id.*). The Court otherwise accepted the PSR and sentenced Defendant to a total term of imprisonment of seventy-seven months and to a three-year term of supervised release. (Doc. No. 26 at 2-3: Judgment). Judgment on Defendant's conviction was entered on March 15, 2006. (*Id.* at 1).

Defendant appealed. He filed an Anders brief, acknowledging there were no meritorious grounds for appeal but questioning whether Defendant's attorney was ineffective for failing to object to the presentence report and asserting that the base offense level was incorrectly calculated. *United States v. Miller*, 202 Fed. App'x 600 (4th Cir. 2006). The Fourth Circuit affirmed. *Id.* at 601. It held that this Court properly applied a base offense level of twenty-four pursuant U.S.S.G. § 2K2.1(a)(2), rather than the lesser level set forth in § 2K2.1(a)(4)(A). *Id.* The Court noted that Defendant "is correct that the two prior felony controlled substance convictions on which his base offense level was founded were consolidated for sentencing purposes," but that "they were on offenses separated by an intervening arrest, and thus are not considered to be 'related' for sentencing purposes." *Id.* (citing U.S.S.G. § 4A1.1, comment. (n. 3) (2004)). The Fourth Circuit further held that Defendant's ineffective

assistance claim must be brought in collateral proceedings under § 2255. *Id.* Defendant did not petition the Supreme Court for writ of certiorari.

On June 14, 2026, Defendant filed the pending motion to vacate under § 2255. (Doc. No. 46; *Id.* at 12). As grounds for relief, Defendant argues that (1) he is actually innocent of the § 922(g) offense because his prior convictions no longer serve as felony predicates, (2) he was improperly characterized as a career offender under § 4B1.1(a) on the prior convictions used in the Indictment based on a change in law, (3) his guilty plea is invalid because he did not understand at the time of pleading guilty that he had to know that he was prohibited by law from possessing the firearm,[3] and (4) his attorney was ineffective for failing to review the PSR and challenge the criminal history points assigned therein, including the points assigned for the robbery convictions, which "came after the conviction for the 922(g) guilty plea." (Doc. No. 46 at 4-5, 7-8). Defendant also appears to assert that his attorney was ineffective relative to his purported "career offender" designation. (Doc. No. 46 at 5).

Defendant was released from Bureau of Prisons' custody on July 2, 2010. (Doc. No. 46-2 at 5). Thereafter, on October 14, 2010, he was admitted to state custody, to serve his consecutive sentences on his state robbery and felon-in-possession convictions. (N.C. Department of Adult Correction Offender Public Information website (last visited 8/7/2026)). His projected release date is July 23, 2042. (*Id.*). On

[3] In *Rehaif v. United States*, 588 U.S. 225 (2019), the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237.

release from state custody, Defendant will serve his federal three-year term of supervised release.

Defendant contends that his motion is not barred by AEDPA's one-year limitations period because (1) the law changed years after Defendant's sentencing in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc);[4] (2) Defendant was uneducated and "academically challenged" and did not understand the proceedings, only that he was pleading guilty to possessing a gun; (3) his term of supervised release remains pending; and (4) the probation officer misapplied points for convictions obtained after his guilty plea. (Doc. No. 46 at 11).

For relief, Defendant asks that his conviction be vacated or that he be resentenced. (*Id.* at 12). Defendant also asks for appointment of counsel. (*Id.*).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

[4] In *Simmons*, the Fourth Circuit held that, for a prior felony conviction to serve as a predicate offense for sentencing enhancement under the Controlled Substances Act (CSA), 21 U.S.C. § 841(b)(1)(B)(vii), the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243. Defendant was not sentenced under the CSA.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, including "any attached exhibits and the record of prior proceedings . . ." to determine whether a petitioner is entitled to any relief on petitioner's claims. After examining the record, the Court finds Defendant's motion can be resolved without an evidentiary hearing based on the record and governing law. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's conviction here became final for purposes of § 2255(f)(1) on January 3, 2007, when his deadline to petition for writ of certiorari expired. See U.S. Sup. Ct. Rule 13(1); *United States v. Clay*, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Defendant, however, did not file the instant motion to vacate until June 14, 2026, nearly twenty years after his conviction became final. As such, Defendant's motion is untimely under § 2255(f)(1).

To the extent Defendant seeks relief under *Rehaif*, the one-year limitations period began to run on June 21, 2019, the date of that decision. See U.S.C. § 2255(f)(3); *United States v. Waters*, 64 F.4th 199, 203 (4th Cir. 2023) (recognizing that Rehaif applies retroactively to initial § 2255 motions). Defendant's motion is, therefore, also untimely under § 2255(f)(3) to the extent he seeks relief under a right newly recognized by the Supreme Court. As such, Defendant's motion is untimely unless he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances

external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

Defendant has failed to show that he is entitled to equitable tolling. None of the circumstances he points to show that he was prevented from filing on time due to extraordinary circumstances, that he was pursuing his rights diligently, or that enforcing the limitations period against him would cause gross injustice. Even if *Simmons* applied, which it does not, it was decided in 2011. To the extent Defendant did not understand the proceedings, contrary to his plea colloquy testimony, he has known as much since he pleaded guilty. Finally, the fact that Defendant's term of supervised remains pending or that Defendant claims that the probation officer misapplied points for convictions obtained after his guilty plea, which is untrue, are not grounds for equitable tolling. The Court, therefore, declines to apply it here.

Because Defendant addressed the timeliness issue in his motion to vacate, the Court need not provide any additional opportunities to address this issue. *See Whitener v. United States*, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); *Cureton v. United States*, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Defendant's claim is untimely under § 2255(f). The Court will dismiss Defendant's motion to vacate on initial review and denies Defendant's request for counsel as moot.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Vacate is untimely and

is denied and dismissed with prejudice.

The Court further finds that Defendant has not made a substantial showing of a denial of a constitutional right. *See generally* 28 U.S.C. § 2253(c)(2); *see also* *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (*citing Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). Defendant has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. No. 46) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**SO ORDERED**.

Signed: September 1, 2026

Matthew E. Orso
United States District Judge